IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE GILES,

      Plaintiff,               No. CIV S-11-1825 EFB P

    vs.

TOM FELKER, et al.,

      Defendants.       <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, a motion to amend, and a motion for a court order directing the librarian to provide plaintiff with copies in excess of fifty pages. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.     Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

§ 1915(b)(1) and (2).

## II.     Motion to Amend

Plaintiff is hereby informed that he may amend his complaint "once as a matter of course," within 21 days after serving it, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Here, plaintiff's original complaint has not yet been served, and he is therefore free to amend his complaint once, without leave of court. However, any amended complaint must be complete in itself, without reference to the original complaint. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded. Accordingly, plaintiff's motion to amend his complaint, is denied as unnecessary.

## III.    Motion for Copies

On July 26, 2011, plaintiff requested a court order directing the librarian to provide him with copies in excess of fifty pages. Dckt. No. 8. On the same day, he filed over 40 pages with the court, and on August 17, 2011, he filed nearly 100 pages with the court, most of which appear to be photocopies. Dckt. Nos. 7, 9. Plaintiff is currently under no obligation to file any additional copies in excess of fifty pages with the court and he appears to have been provided with whatever copies he felt he needed at the time he filed his July 26 request. Accordingly, plaintiff's motion for an order directing the librarian to make him copies is denied as unnecessary.

## IV.     Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

2

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable Eighth Amendment claims against defendants Felker and Wong, based on the allegations that the lockdowns they ordered deprived plaintiff of out-of-cell exercise for extended periods of time and harmed plaintiff's health.   However, the complaint does not state a cognizable claim against any of the other named defendants, and those claims will therefore be dismissed with leave to amend.

In additional to Felker and Wong, plaintiff names Roche, Nachiondo, and three unknown members of the Medical Authorization Review Committee as defendants.  Plaintiff alleges Roche is liable for the alleged mistakes of medical staff under his supervision.  Plaintiff alleges

3

that Nachiondo misdiagnosed plaintiff as having Crohn's disease. Plaintiff fails to state a claim against either defendant.

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Here, plaintiff has not alleged that Roche was personally involved in any violation of plaintiff's federal rights.

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). Plaintiff has not sufficiently alleged that any defendant acted with the requisite deliberate indifference for an Eighth Amendment claim or that the acts or omissions of that defendant caused him any injury.

Nachiondo's alleged misdiagnosis, suggests at worst, negligence.  However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff's naming of three unknown members of the Medical Authorization Review Committee as defendants is tantamount to naming Doe defendants.  The use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Should plaintiff learn through discovery the identities of parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c).  Rule 15(c), not the state practice of Doe pleading, is the controlling procedure for adding defendants who identities were discovered after commencement of the action.  Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

Thus, plaintiff may proceed only on his Eighth Amendment claims against defendants Felker and Wong, or he may amend his complaint to attempt to cure the deficiencies identified above.

////

1  Plaintiff is not obligated to amend his complaint.  Should plaintiff chose to amend,
2 however, he is hereby reminded that any amended complaint must be complete in itself without
3 reference to any prior pleading, E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th
4 Cir. 1967), and that once plaintiff files an amended complaint, the original pleading is
5 superseded.  Additionally, plaintiff  may not change the nature of this suit by alleging new,
6 unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)
7 (no "buckshot" complaints).

8  If plaintiff choose to proceed only on his Eighth Amendment claims against defendants
9 Felker and Wong as identified herein, the court will construe plaintiff's election as consent to
10 dismissal of his claims against defendants Roche and Nachiondo, without prejudice.

11  Accordingly, the court hereby orders that:

12  1. Plaintiff's request to proceed in forma pauperis (Docket No. 2)  is granted.

13  2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
14 accordance with the notice to the Director of the California Department of Corrections and
15 Rehabilitation filed concurrently herewith.

16  3. Plaintiff's motion to amend (Docket Nos. 6, 7) is denied as unnecessary.

17  4. Plaintiff's motion for a court order (Docket No. 8) is denied as unnecessary.

18  5. Claims against defendants Roche and Nachiondo are dismissed.  Within 30 days of
19 service of this order, plaintiff may amend his complaint in accordance with this Screening Order.

20  6. The allegations in the pleading are sufficient at least to state cognizable Eighth
21 Amendment claims against defendants Felker and Wong.  *See* 28 U.S.C. § 1915A.  With this
22 order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint
23 filed July 12, 2011, two USM-285 forms and instructions for service of process on defendants
24 Felker and Wong.  Within 30 days of service of this order plaintiff may return the attached
25 Notice of Submission of Documents with the completed summons, the completed USM-285
26 forms, and three copies of the complaint.  The court will transmit them to the United States

Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Felker and Wong will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing claims against defendants Roche and Nachiondo, without prejudice.

    7. Failure to comply with this order will result in this action being dismissed.

Dated: February 9, 2012.

/s/ Edmund F. Brennan

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE GILES,

        Plaintiff,               No. CIV S-11-1825 EFB P

    vs.

TOM FELKER, et al.

        Defendants.        NOTICE OF SUBMISSION OF DOCUMENTS

_____/

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ consent to the dismissal of defendants Roche and Nachiondo without prejudice, and submits the following documents:

    __1__    completed summons form

    __2__    completed forms USM-285

    __3__    copies of the complaint

**OR**

(2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:

                                                                Plaintiff