UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE GILES,<br><br>    Plaintiff,<br><br>    v.<br><br>TOM FELKER, et al.,<br><br>    Defendants. | No.  2:11-cv-1825-WBS-EFB P<br><br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff filed a motion to compel defendants to respond to his discovery requests. ECF No. 83. In response to that motion, defendants asserted that they would voluntarily respond to the discovery requests without plaintiff re-serving them. ECF Nos. 84, 85. In light of that representation, the court denied plaintiff's motion as moot. ECF No. 87.

Plaintiff subsequently filed (1) a motion to compel defendant Roche to provide complete responses to plaintiff's interrogatories and requests for admissions, ECF No. 88, (2) a motion to compel defendant Nachiondo to provide complete responses to plaintiff's interrogatories, ECF No. 89, and (3) a motion to compel defendants Felker and Wong to respond to plaintiff's request for the production of documents and to produce a copy of plaintiff's May 30, 2014 deposition transcript, ECF No. 90. Defendants have filed oppositions to each of those motions. ECF Nos. 91-93. For the reasons that follow, plaintiff's motions to compel are denied without prejudice and the deadline for completion of discovery is modified as set forth below.

1

**I.      Roche**

Plaintiff seeks an order compelling Roche to provide complete responses to plaintiff's interrogatories and requests for admissions. ECF No. 88. Federal Rule of Civil Procedure[1] 37(a)(1) provides that a motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The discovery and scheduling order explicitly stated that the parties were required to comply with Rule 37 if they had a discovery dispute. ECF No. 53 at 1.[2]

Plaintiff's motion to compel complete discovery responses from Roche does not comply with Rule 37(a)(1). It does not include a certification that he even attempted to confer with Roche's attorney to resolve the discovery disputes without court action. To the contrary, the motion makes clear that plaintiff filed it instead of attempting to confer: "Under the circumstances of plaintiff['s] incarceration status, seeking to resolve these discovery issues without the court's assistance would be in conflict with the court ordered deadline date for filing any motion to compel." ECF No. 88 at 2. Plaintiff's "incarceration status" may have relevance to whether additional time is necessary to complete discovery, but it does not excuse a failure to comply with Rule 37(a)(1). The court recognizes that plaintiff filed his motion to compel just days before the December 12, 2014 deadline for filing such motions and is therefore technically "timely." The court also recognizes that plaintiff's initial motion was filed October 6, 2014 and was denied as moot based on the defense representation that they would voluntarily respond. Further, Roche's allegedly deficient discovery responses are dated November 14, 2014, ECF No. 88 at 22, 28, and therefore plaintiff was running out of time to file a motion to compel. However, the appropriate response to that time constraint is to seek additional time to complete discovery, not to truncate or ignore the procedural requirement for the parties to confer over the dispute.

---

[1] All subsequent references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] For ease of reference, all citations to court documents are to the pagination assigned via the court's electronic filing system.

2

1  The motion alleges that each of Roche's responses to plaintiff's twenty interrogatories and
2  nineteen requests for admissions are evasive and incomplete.  ECF No. 88 at 1-11.  The court is
3  confident that, with additional time and effort, the parties should be able to resolve some or even
4  most of these disputes on their own.
5       Accordingly, the court will modify the discovery and scheduling order to provide
6  additional time for the parties to confer in a good faith effort to resolve their discovery disputes.
7  If plaintiff is still dissatisfied with the completeness of Roche's responses, he may file another
8  motion to compel.  Plaintiff is admonished that his motion must comply with Rule 37(a)(1).  He
9  is also instructed that:

> Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process.  The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements.  And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. . . .  A plaintiff must engage in good faith efforts to meet-and-confer to try to resolve his discovery disputes before seeking an order compelling discovery.

18  *Page v. Acosta*, No. C 08-5707 MHP (pr), 2009 WL 1357453, at *3 (N.D. Cal. May 13, 2009).
19  **II.    Nachiondo**
20       Plaintiff seeks an order compelling Nachiondo to provide complete responses to all
21  twenty-six of plaintiff's interrogatories.  He also requests an order granting him leave to file a
22  motion to compel Nachiondo to respond to plaintiff's requests for admissions.  ECF No. 89 at 9.
23  Plaintiff's motion does not include the certification required by Rule 37(a)(1).  Rather, he again
24  explains that because he received Nachiondo's responses so close to the December 12, 2014
25  deadline, he felt he had an insufficient time to attempt to confer with opposing counsel.  ECF No.
26  89 at 9.  Accordingly, as discussed above, the court will modify the discovery and scheduling
27  order to provide additional time for the parties to confer or attempt to confer to resolve their
28

discovery disputes. If such attempts prove unsuccessful, plaintiff may file a motion to compel that complies with Rule 37(a)(1).

### III.     Felker and Wong

Plaintiff seeks an order compelling Felker and Wong to (1) respond to plaintiff's requests for production of documents, and (2) produce a copy of his May 30, 2014 deposition transcript. ECF No. 90 at 1-2. Felker and Wong explain that they "have already responded to [plaintiff's] production request in full . . . ." ECF No. 93 at 1. Their opposition to plaintiff's motion explains that they served their responses to plaintiff's requests for production of documents on December 12, 2014, and that plaintiff filed the pending motion to compel those responses on December 10, 2014. *Id.* at 2. If after reviewing those responses plaintiff believes they are deficient, he must confer or attempt to confer with opposing counsel; if those attempts are unsuccessful, he may file a motion to compel that complies with Rule 37(a)(1).

As to plaintiff's request for a copy of his deposition transcript, Exhibits A through D of his motion include his letters to opposing counsel requesting the transcript, as well as letters from opposing counsel explaining why she was not providing plaintiff with a free copy. *See* ECF No. 90 at 9-15. One letter from opposing counsel explained:

> Federal Rule of Civil Procedure 30(e) allows deponents to review a deposition transcript to make changes upon request, but only if the request is made before the deposition is completed. Here, Rule 30(e) is not applicable because you did not request review of your transcript prior to the close of your deposition.
>
> Now that your deposition is completed, I am barred by California Government Code § 69954(d) from sending you a free copy.

*Id.* at 15. The letter then provided plaintiff instructions on how to purchase a copy of the transcript. *Id.* Felker and Wong's opposition restates this argument, adding: "Plaintiff has not sought to obtain a copy of his deposition transcript in accordance with Rule 30(f)(3), and this Court should not order Defendants to provide him with a free copy." ECF No. 93 at 4 (citing *Claiborne v. Battey*, No. CIV-S-06-2919-FCD-EFB-P, 2009 WL 530352, at *3 (E.D. Cal. Mar. 3, 2009)).

4

The officer before whom a deposition is taken must retain stenographic notes of the proceedings or a copy of the recording of a deposition taken by a different method. Fed. R. Civ. P. 30(f)(3). The officer must provide a copy thereof to any party or to the deponent upon payment of reasonable charges therefor. *Id.* Thus, plaintiff must obtain a copy of the transcript of his deposition from the officer before whom the deposition was taken pursuant to Rule 30(f)(3). Accordingly, plaintiff's motion to compel Felker and Wong to respond to his requests for production of documents and to produce a copy of his May 30, 2014 deposition transcript is denied.

Nevertheless, if defendants rely on plaintiff's deposition transcript in a subsequent filing, they must:

> ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the emailbox of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties.

E.D. Cal. L.R. 133(j). Whether defendants submit a hard copy or an electronic copy, the court will order that the entire deposition transcript become part of the official record—and therefore served upon plaintiff—at that time. *See id.*

## IV.   ORDER

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's motions to compel (ECF Nos. 88, 89, 90) are denied without prejudice.

2. The discovery and scheduling order (ECF No. 53) is modified as follows:

   a. Any motions necessary to compel discovery shall be filed by April 6, 2015; and

   b. Dispositive motions shall be filed on or before July 20, 2015.

DATED: January 21, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5