1
2
3
4
5
6
7           UNITED STATES DISTRICT COURT
8        FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10  DWAYNE GILES,                           No. 2:11-cv-1825-WBS-EFB P
11          Plaintiff,
12      v.
13  TOM FELKER, et al.,                     ORDER
14          Defendants.
15

16     Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action
17  brought under 42 U.S.C. § 1983. He moves to compel defendants Felker and Wong to produce
18  "photographs of the mini-recreation yards and general population yards at High Desert State
19  Prison 'C' Facility," in response to his request for production of documents. ECF No. 95. In the
20  alternative, he requests that the court appoint an investigator to assist him. ECF No. 97. As
21  discussed below, plaintiff's motion is denied.
22     Defendants responded that they cannot produce the requested photographs because the
23  requested photographs do not exist. In his motion, plaintiff suggests the photographs "might"
24  already exist but also suggests that defendants should take the photographs for him if they do not
25  because he is limited by his incarceration, and defendants have extensive investigative resources.
26     Defendants have confirmed that a good faith inquiry was conducted and revealed that the
27  requested photographs do not exist. ECF No. 96 at 3. They also point out that plaintiff cites to no
28  authority to support his argument that defendants should create photographs for him.

1

The court cannot compel defendants to produce photographs that do not exist. Defendants have averred that a reasonable search has been conducted and no such photos were found to exist. Plaintiff may quarrel with the veracity of that representation but presents no information to show that it is false. Further, defendants have no obligation to take photographs for plaintiff. Courts in this district have routinely denied similar requests. *See, e.g., Brown v. Clark*, No. 1:10-cv-00124-GSA-PC, 2013 U.S. Dist. LEXIS 35669, at *12 (E.D. Cal. Mar. 14, 2013) ("Plaintiff may not require Defendants to create evidence that does not currently exist . . . Defendant is not required to take new photographs . . . even if Plaintiff is unable to otherwise acquire the photographs."); *Williams v. Haviland*, No. CIV-S-09-2665 EFP P, 2010 U.S. Dist. LEXIS 118811, at *2 (E.D. Cal. Oct. 26, 2010) ("The court cannot compel defendants to produce a photograph that does not exist."); *Norwood v. Alameida*, No. CIV-S-03-2554 GEB GGH P, 2006 U.S. Dist. LEXIS 73100, at *30 (E.D. Cal. Sept. 21, 2006) ("[D]efendant, inter alia, objects to plaintiff's request that defendant take photos for plaintiff, a responsibility plaintiff cannot properly place on him. The motion as to this request will be denied.").

Plaintiff's alternate request for an investigator is also denied. "A court may only authorize the use of public funds for indigent litigants when authorized by Congress. The in forma pauperis statute does not authorize federal courts to spend public funds on investigators." *Rogers v. Giurbino*, 288 F.R.D. 469, 489 (S.D. Cal. 2012) (citations omitted). Because the in forma pauperis statute does not provide for such an expense, *see* 28 U.S.C. § 1915(c), plaintiff's motion for appointment of an investigator is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 95) is denied.

DATED: June 23, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE